UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHURCH OF THE WORD, a Missouri Benevolent Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:20-cv-00671-SEP ) |
| ST. LOUIS COUNTY EXECUTIVE DR. SAM PAGE, in his official capacity, | ) ) ) ) |
| and | ) ) |
| ST. LOUIS COUNTY ACTING DIRECTOR, CHIEF MEDICAL OFFICER, DEPARTMENT OF PUBLIC HEALTH, DR. EMILY DOUCETTE, in her official capacity, | ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

On May 28, 2020, this Court ordered Plaintiff to show cause why the Complaint (Doc. [1]) should not be dismissed as moot.  *See* Doc. [13]; *see also Diffenderfer v. Cent. Baptist Church of Miami, Fla., Inc.*, 404 U.S. 412, 414-15 (1972) (per curiam).  As outlined below, Plaintiff's Response (Doc. [14]) fails to show that this lawsuit is not moot, but the Court will grant Plaintiff leave to amend the Complaint in light of this Order.

## DISCUSSION

Under Article III, § 2 of the United States Constitution, the jurisdiction of federal courts extends only to "Cases" and "Controversies."  Federal courts are powerless to "'decide questions that cannot affect the rights of litigants in the case before [us]'" or to advise "'what the law would be upon a hypothetical state of facts.'"  *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)

1

(quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). As such, "[t]o invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis,* 494 U.S. at 477.

One corollary of the "case and controversy" requirement is the doctrine of "mootness," which dictates that federal courts "do not have jurisdiction over cases in which due to the passage of time or a change in circumstance, the issues presented . . . will no longer be 'live' or the parties will no longer have a legally cognizable interest in the outcome of the litigation." *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1035 (8th Cir. 2004) (internal quotation marks and citation omitted)). *See, e.g.*, *New York State Rifle & Pistol Ass'n, Inc. v. City of New York, New York*, 140 S. Ct. 1525, 1526 (2020) (declining to consider a claim that had become moot).

This Court's Order to Show Cause asked whether Plaintiff's Complaint is moot and therefore outside of this Court's jurisdiction. In response, Plaintiff argues that this lawsuit is not moot because "Plaintiff still is suffering irreparable injury." Doc. [14] at 2. In the alternative, Plaintiff argues that the Complaint should qualify for exceptions to the mootness doctrine for conduct that is voluntarily discontinued and offenses that are capable of repetition but evade review. *Id.* at 3-6.

### I. Plaintiff has not shown that it still has a legally cognizable interest in the outcome of the litigation.

Plaintiff filed its lawsuit seeking injunctive relief from St. Louis County's April 20, 2020, Stay-at-Home Order[1] two days *after* that Order had been superseded, and twelve days after the

---

[1] St. Louis County Department of Public Health 2019 Novel Coronavirus ("COVID-19") Extension and Amendment of Stay at Home Order (April 20, 2020), https://stlcorona.com/dr-pages-messages/public-health-orders/director-of-public-health-extension-and-amendment-of-stay-at-home-order/.

County had enacted the superseding law. *See* Doc. [12-1] (establishing new rules to take effect on May 18, 2020, and stating that it "replaces" the Stay-at-Home Order dated April 20, 2020) ("New Guidelines"). Plaintiff does not contest that chronology. Neither does Plaintiff provide any explanation of how the Court might nonetheless provide Plaintiff with meaningful relief. *See O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.").

Plaintiff claims that there are "ongoing violations of Plaintiff's First Amendment Rights." Doc. [14] at 2. If credibly substantiated, such violations would, of course, be of paramount concern to this Court. Plaintiff is correct that "[t]he loss of First Amendment Freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373-74 (1976). But in *Elrod*, the Supreme Court enunciated that principle immediately after determining that "First Amendment interests were either threatened or in fact being impaired at the time relief was sought." *Id.* at 373. There has been no such showing here. Plaintiff's Response is silent as to *how* its First Amendment rights are "threatened or in fact being impaired" by the obsolete Stay-at-Home Order. *Id.* The Court is therefore at a loss as to how enjoining the Order might redress any such injury.

Plaintiff also argues that its claims for damages and attorney's fees "standing alone, insulate the Complaint from dismissal on mootness grounds," but that is not the case. Doc. [14] at 2. Under Eighth Circuit precedent, a request for nominal damages does not give Plaintiff standing to "revive an otherwise moot claim against 'a regime no longer in existence.'" *Phelps-Roper v. City of Manchester, Mo.*, 697 F.3d 678, 687 (8th Cir. 2012) (quoting *Morrison v. Bd. of Educ. of Boyd Cty.*, 521 F.3d 602, 611 (6th Cir. 2008)). Allowing this case to proceed to

"determine the constitutionality of an abandoned policy" in the hope of obtaining unspecified nominal damages "vindicates no interest and trivializes the important business of the federal courts." *Morrison*, 521 F.3d at 611.  Similarly, "[a] potential right to attorney fees alone [is] insufficient to keep this controversy alive." *Advantage Media, L.L.C. v. City of Eden Prairie*, 456 F.3d 793, 803 n.5 (8th Cir. 2006).

Plaintiff has thus failed to demonstrate that it still has "a legally cognizable interest in the outcome of the litigation" despite the fact that the law it seeks to enjoin is no longer in effect. *McCarthy*, 359 F.3d at 1035.

## II. Mootness exceptions do not apply to a lawsuit that was already moot at the time of filing.

Because the Complaint did not present a justiciable controversy at the time of filing, Plaintiff cannot rely on the "voluntary cessation" or "capable of repetition yet evading review" doctrines to manufacture one.  *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 96 (2013) (The "voluntary cessation" doctrine does not "allow[] the plaintiff to rely on theories of Article III injury that would fail to establish standing in the first place."); *Renne v. Geary*, 501 U.S. 312, 320 (1991) ("[T]he mootness exception for disputes capable of repetition yet evading review . . . will not revive a dispute which became moot before the action commenced.").

In any case, Plaintiff has provided no reason to believe that Defendants will reinstate the April 20, 2020, Stay-at-Home Order.  In fact, Plaintiff accuses Defendants of unpredictability and warns that the future will bring "more or different restrictions." Doc. [14] at 3.  And Plaintiff has "shown that [it] likely [is] capable of challenging any further change to the present ordinance." *Phelps-Roper*, 697 F.3d at 687.  *See also Epp v. Kerrey*, 964 F.2d 754, 755 (8th Cir. 1992) (finding mootness where "[t]here [was] no evidence . . . that the State intend[ed] to reenact the repealed statute, nor that any such legislative action could 'evade review.'").

**CONCLUSION**

For the reasons stated above, the Court finds that Plaintiff's Complaint is moot; therefore, it will be dismissed without prejudice. *See Elim Romanian Church v. Pritzker*, No. 19A1046, 590 U.S. ___ (May 29, 2020) (per curiam) (denying motion for injunctive relief without prejudice where defendant had replaced allegedly unconstitutional law with new guidance).

Plaintiff requests leave to amend the Complaint to contest St. Louis County's New Guidelines (Doc. [12-1]). Doc. [14] at 6-8. "The court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). As this case is still in its infancy, granting leave to amend the Complaint would cause minimal prejudice to Defendants. Accordingly, the Court will grant Plaintiff leave to amend the Complaint to present a justiciable controversy.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. [12]) is **GRANTED**, and Plaintiff's Complaint (Doc. [1]) is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff has leave to amend the Complaint to seek relief from St. Louis County's New Guidelines (Doc. [12-1]). Any amended complaint shall be filed by no later than Wednesday, June 3, 2020. If Plaintiff once again seeks a temporary restraining order, Defendants shall file any opposition to such relief within 24 hours of such motion, to facilitate prompt disposition by this Court. Otherwise, all filings shall conform to the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Missouri.

Dated this 31st day of May, 2020.

*Sarah E. Pitlyk*
_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE